IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DUSTIN LEE HERRING**

    **Plaintiff,**

v.                                                     Civil Action No. 3:25cv550

**SHERIFF ALISA A. GREGORY**

    **Defendant.**

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983,[1] a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). By Memorandum Order entered on November 19, 2025, the Court explained as follows:

> Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency" are persons amenable to suit under § 1983. *Lamb v. Library People Them*, No. 3:13–8–CMC–BHH, 2013 WL 526887, at *2-3 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *see Preval v. Reno*, No. 99–6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983). In his current Complaint, Plaintiff does not identify the particular constitutional right that was violated by the defendant's conduct. Plaintiff's current allegations also fail to provide the defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

(ECF No. 8, at 1–2.) Accordingly, the Court directed Plaintiff to file a particularized complaint within thirty (30) days of the date of entry thereof and provided him with specific instructions. (*Id.* at 2.) Plaintiff filed a Particularized Complaint. (ECF No. 9.) However, in his Particularized Complaint, Plaintiff only alleged violations of Virginia code sections. Plaintiff did not identify the particular *constitutional or federal* right that was violated by the defendant's conduct. Accordingly, by Memorandum Order entered on January 12, 2026 the Court directed Plaintiff to submit a second particularized complaint within thirty (30) days of the date of entry thereof. (ECF No. 10.) The Court warned Plaintiff that the failure to submit a second particularized complaint would result in the dismissal of the action.

More than thirty (30) days have elapsed since the entry of the January 12, 2026 Memorandum Order. Plaintiff failed to submit a second particularized complaint or otherwise respond to the January 12, 2026 Memorandum Order. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate order will accompany this Memorandum Opinion.

Date: 2/19/26  
Richmond, Virginia

/s/  
M. Hannah Lauck  
Chief United States District Judge